F. #2001R01943

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -                 Cr. No. 03-723 (JS)

DOV SHELLEF and
WILLIAM RUBENSTEIN,

           Defendants.

- - - - - - - - - - - - - - - - - -X

<u>GOVERNMENT'S REQUESTS TO CHARGE</u>

                        ROSLYNN R. MAUSKOPF
                        United States Attorney
                        Eastern District of New York
                        One Pierrepont Plaza
                        Brooklyn, New York  11201

By:  Thomas R. Fallati
     Assistant U.S. Attorney
     Of Counsel)

     Lary Cook Larson
     Trial Attorney
     U.S. Department of Justice

<u>REQUEST NO. 1</u>

<u>General Requests</u>

The government respectfully requests that the Court charge the jury in its usual manner on the following subjects:

a.   The Function of the Court and the Jury.

b.   Equality of the Parties Before the Court.

c.   Jury Communications with Lawyers and the Court.

d.   Presumption of Innocence.

e.   Burden of Proof and Reasonable Doubt (<u>see</u> <u>United States v. Ivic</u>, 700 F.2d 51 (2d Cir. 1983)).

f.   Definitions of "knowingly" and "intentionally."

g.   Function of the Indictment and What is Not Evidence.

h.   Direct and Circumstantial Evidence

i.   Permissible Inferences from Evidence.

j.   Objections.

k.   Government Witnesses.

l.   No Inference to Be Drawn From Defendant's Failure To Testify (If Applicable).

m.   Right to See Exhibits and Have Testimony Read During Deliberations.

n.   Questioning Wisdom of Law or Basing Verdict on Sympathy or Prejudice Prohibited.

GOVERNMENT PROPOSED JURY INST. NO. 2

CHARGE ONE

<u>Statute Defining Offense</u>

Section 371 of Title 18 of the United States Code provides, in part, that:

"If two or more persons conspire * * * to defraud the United States, or any agency thereof  * * * and one or more of such persons do any act to effect the object of the conspiracy, * * *"

an offense against the United States has been committed.

_____

18 U.S.C. § 371

4

GOVERNMENT PROPOSED JURY INST. NO.  3

Conspiracy --  Offense Charged

Count One of the indictment charges that from on or about July
of 1997, until on or about November 2000, in the Eastern District
of New York and elsewhere, the defendants, Dov Shellef and
William Rubenstein, together with others, came to some type of
agreement or understanding to defraud the United States by
impeding, impairing, obstruction and defeating the lawful
function of the Internal Revenue Service, in the ascertainment,
computation, assessment, and collection of excise tax due on
domestic sales of an ozone depleting chemical, namely CFC-113 and
then acted to achieve the goal of the alleged conspiracy or
agreement or understanding in that one of its members thereafter:

OVERT ACTS

July 14, 1997 Sale

a.  On or about July 14, 1997, defendant DOV SHELLEF caused a
purchase order from the Hayward company for the purchase of 2,760
pounds of CFC-113 to be faxed from his office in Great Neck, New
York to defendant WILLIAM RUBENSTEIN, and requested that
RUBENSTEIN instruct the trucking company to collect the invoiced
amount on behalf of Poly Systems and to deliver the payment check
to RUBENSTEIN.

b.  On or about July 14, 1997, on behalf of Poly Systems, defendant WILLIAM RUBENSTEIN caused 2,760 pounds of virgin Elf Atochem CFC-113 to be shipped to the Hayward company from his warehouse facilities in Bayonne, New Jersey, via a commercial trucking company.

c.  On or about July 14, 1997, defendant WILLIAM RUBENSTEIN caused Dunbar Sales to create an invoice to Poly Systems falsely marked "FOR EXPORT ONLY" for the 2,760 pounds of virgin Elf Atochem CFC-113 shipped to the Hayward company that day.

<u>August 29, 1997 Sale</u>

d.  On or about August 27, 1997, defendant DOV SHELLEF caused a Polytuff purchase order to be sent from his office in Great Neck, New York to defendant WILLIAM RUBENSTEIN for 2,760 pounds of CFC-113, falsely described as "Reclaimed", for shipment to a company located in Gainesville, Florida (the "Florida company").

e.  On or about August 29, 1997, defendant WILLIAM RUBENSTEIN caused 2,760 pounds of virgin Elf Atochem CFC-113 to be delivered from his warehouse facility in Bayonne, New Jersey to a commercial trucking company for shipment to the Florida company.

f.  On or about August 29, 1997, defendant WILLIAM RUBENSTEIN caused Dunbar Sales to create an invoice to Poly Systems falsely describing as "Reclaimed" and "FOR EXPORT ONLY" the 2,760 pounds

of virgin Elf Atochem CFC-113 shipped to the Florida company that day.

September 5, 1997 Sale

g.  On or about September 5, 1997, defendant DOV SHELLEF caused a Poly Systems purchase order to be sent from his office in Great Neck, New York to defendant WILLIAM RUBENSTEIN for 3,450 pounds of CFC-113, falsely described as "Reclaimed", for shipment to a domestic company located in Oakland, California (the "Oakland company").

h.  On or about September 5, 1997, defendant WILLIAM RUBENSTEIN caused 3,450 pounds of virgin Elf Atochem CFC-113 to be shipped to the Oakland company from his warehouse facilities in Bayonne, New Jersey, via a commercial trucking company.

i.  On or about September 5, 1997, defendant WILLIAM RUBENSTEIN caused a Dunbar Sales invoice to Poly Systems to be created falsely describing as "Reclaimed" and "FOR EXPORT ONLY" the 2,760 pounds of virgin Elf Atochem CFC-113 shipped to the Oakland company that day.

September 9, 1998 Sale

j.  On or about September 8, 1998, defendant DOV SHELLEF caused a Poly Systems purchase order to be faxed from his office in Great Neck, New York to defendant WILLIAM RUBENSTEIN for 10,350 pounds of CFC-113 falsely described as "RECLAIMED" for shipment to a company located in Middlesex, New Jersey (the "Middlesex

company").

  k.  On or about September 9, 1998, defendant WILLIAM RUBENSTEIN caused 10,350 pounds of virgin Elf Atochem CFC-113 to be shipped to the Middlesex company from his warehouse facilities in Bayonne, New Jersey, via a commercial trucking company.

  l.  On or about September 9, 1998, defendant WILLIAM RUBENSTEIN caused a Dunbar Sales invoice to Poly Systems to be created falsely identifying as "RECLAIMED" and "FOR EXPORT ONLY" the 10,350 pounds of virgin Elf Atochem CFC-113 shipped to the Middlesex company that day.

<u>December 7, 1998 Sale</u>

  m.  On or about December 5, 1998, defendant DOV SHELLEF caused to be faxed from his office in Great Neck, New York to defendant WILLIAM RUBENSTEIN and one of RUBENSTEIN's employees instructions to remove all reference to Allied Signal from 12 drums of CFC-113 and to ship them to the Hayward company.

  n.  On or about December 7, 1998, defendant WILLIAM RUBENSTEIN caused 12 drums of Allied Signal CFC-113 to be shipped to the Hayward company from his warehouse facility in Bayonne, New Jersey, as instructed by defendant DOV SHELLEF.

  o.  On or about December 7, 1998, defendant WILLIAM RUBENSTEIN caused an invoice to be sent to defendant DOV SHELLEF for cleaning the 12 drums of Allied Signal CFC-113 shipped to the

Hayward company on December 7, 1998.

May 7, 1999 Sale

p.  On or about May 7, 1999, defendant DOV SHELLEF instructed Five Star to ship 4 drums of Allied Signal CFC-113 to the Hayward company and to fax a copy of the bill of lading signed by the customer.

q.  On or about May 7, 1999, defendant DOV SHELLEF sent an invoice from his office in Great Neck, New York to the Hayward company for 4 drums of CFC-113 with special instructions to remit payment by wire transfer to an account at HSBC bank.

August 26, 1999 Sale

r.  On or about August 25, 1999, defendant DOV SHELLEF instructed Five Star to ship four drums of Allied Signal CFC-113 to the Hayward company and to fax a copy of the bill of lading signed by the customer.

s.  On or about August 26, 1999, defendant DOV SHELLEF sent an invoice from his office in Great Neck, New York to the Hayward company for four drums of CFC-113 with special instructions to remit payment by wire transfer to an account at Commercial Bank of New York.

February 7, 2000 Shipments

t.  On or about February 7, 2000, defendant WILLIAM RUBENSTEIN

caused to be shipped 60 drums of Allied Signal CFC-113 to Five Star from his warehouse facility in Bayonne, New Jersey, as instructed by defendant DOV SHELLEF.

   u.   On or about February 7, 2000, defendant WILLIAM RUBENSTEIN caused an invoice to be sent to defendant DOV SHELLEF for cleaning the 60 drums of Allied Signal CFC-113 shipped to Five Star on February 7, 2000.


In violation of  Title 18, United States Code, Section 371.

Devitt & Blackmar, ***Federal Jury Practice and Instructions*** (4th Ed. 1990), Section 28.01 (modified)

GOVERNMENT PROPOSED JURY INST. NO. 4

"Overt Act" -- Defined

<u>Success of Conspiracy Immaterial</u>

In order to sustain its burden of proof on Count I of the indictment, the government must prove beyond a reasonable doubt that one of the members to the agreement knowingly performed at least one overt act and that this overt act was performed during the existence of the life of the conspiracy and was done to somehow further the goal of the conspiracy or agreement.

The term "overt act" means some type of outward, objective action performed by one of the parties to or one of the members of the agreement or conspiracy which evidences that agreement.

Although you must unanimously agree that the same overt act was committed, the government is not required to prove more than one of the overt acts charged.

The overt act may, but for the alleged illegal agreement, appear totally innocent and legal.

The government is not required to prove that the parties to or members of the agreement or conspiracy were successful in achieving any or all of the objects of the agreement or conspiracy. Devitt, Blackmar and O'Malley, *Federal Jury Practice and Instructions* (4th Ed. 1990), Sections 28.07, 28.08

**United States v. Yates,** 354 U.S. 298, 334 (1957)

**United States v. Arboleda,** 929 F.2d 858, 865 (1st Cir. 1991)

**United States v. Anderson,** 611 F.2d 504, 510 (4th Cir. 1979)

**United States v. Lewis,** 759 F.2d 1316, 1344 (8th Cir.), *cert. denied,* 474 U.S. 994 (1985)

**United States v. Hermes,** 847 F.2d 493, 495 (8th Cir. 1988)

**United States v. Zielie,** 734 F.2d 1447, 1456 (11th Cir. 1984), *cert. denied,* 469 U.S. 1216 (1985)

GOVERNMENT PROPOSED JURY INST. NO. 5

Essential Elements of Offense --

<u>When Conspiracy Offense Complete</u>

In order to sustain its burden of proof for the crime of conspiracy to defraud the United States as charged in Count One of the indictment, the government must prove the following two (2) essential elements beyond a reasonable doubt:

*One:* The conspiracy, agreement, or understanding to defraud the United States as described in the indictment, was formed, reached, or entered into by two or more persons; and

*Two:* At some time during the existence or life of the conspiracy, agreement, or understanding, one of its alleged members knowingly performed one of the overt acts charged in the indictment in order to further or advance the purpose of the agreement.


Devitt, Blackmar and O'Malley, *Federal Jury Practice and Instructions* (4th Ed. 1990), Section 28.03

*United States v. Falcone,* 311 U.S. 205*,* 210 (1940)

*United States v. O'Campo,* 973 F.2d 1015, 1021 (1st Cir. 1992)

*United States v. Wiley,* 846 F.2d 150, 153-54 (2d Cir. 1988)

*United States v Rankin,* 870 F.2d 109, 113 (3d Cir.), cert.

denied, 493 U.S. 840 (1989)

***United States v. Tedder,*** 801 F.2d 1437, 1446 (4th Cir. 1986),

*cert. denied,* 480 U.S. 938 (1987)

***United States v. Yamin,*** 868 F.2d 130, 133 (5th Cir.), *cert.*

*denied,* 492 U.S. 924 (1989)

***United States v. Bostic,*** 480 F.2d 965, 968 (6th Cir. 1973)

***United States v. Mealy,*** 851 F.2d 890, 896 (7th Cir. 1988)

***United States v. Cerone,*** 830 F.2d 938, 944 (8th Cir. 1987), ***cert.***

***denied,*** 486 F.2d 1006 (1988)

***United States v. Penagos,*** 823 F.2d 346, 348 (9th Cir. 1987)

***United States v. Gonzalez,*** 797 F.2d 915, 916 (10th Cir. 1986)

***United States v. Cure,*** 804 F.2d 625, 628 (11th Cir. 1986)

***United States v. Treadwell,*** 760 F.2d 327, 333 (D.C. Cir. 1985),

*cert. denied,* 474 U.S. 1064

(1986)

GOVERNMENT PROPOSED JURY INST. NO. 6

Conspiracy – Existence of an Agreement

A criminal conspiracy is an agreement or a mutual understanding knowingly made or knowingly entered into by at least two people to violate the law by some joint or common plan or course of action.  A conspiracy is, in a very true sense, a partnership in crime.

A conspiracy or agreement to defraud the Internal Revenue Service, like any other kind of agreement or understanding, need not be formal, written, or even expressed directly in every detail.

To prove the existence of a conspiracy or an illegal agreement, the government is not required to produce a written contract between the parties or even produce evidence of an express oral agreement spelling out all of the details of the understanding.  To prove that a conspiracy existed, moreover, the government is not required to show that all of the members of the alleged conspiracy were named or charged, or that all of the people whom the evidence shows were actually members of a conspiracy agreed to all of the means or methods set out in the indictment.

The government must prove that the defendants Dov Shellef and William Rubenstein knowingly and deliberately arrived at some type of agreement or understanding that they, and perhaps others,

would defraud the United States by means of some common plan or course of action as alleged in Count One of the indictment.  It is proof of this conscious understanding and deliberate agreement by the alleged members that should be central to your consideration of the charge of conspiracy.

Unless the government proves beyond a reasonable doubt that a conspiracy, as just explained, actually existed, then you must acquit the defendants.

Devitt, Blackmar and O'Malley, **Federal Jury Practice and Instructions** (4th Ed. 1990), Section 28.04

**United States v. Falcone,** 311 U.S. 205, 210 (1940)

**United States v. Labat,** 905 F.2d 18, 21 (2d Cir. 1990)

**United States v. DePew,** 932 F.2d 324, 328 (4th Cir.), *cert. denied*, 112 S. Ct. 210 (1991)

**United States v. Nicoll,** 664 F.2d 1308, 1315 (5th Cir.), *cert. denied*, 457 U.S. 1118 (1982)

**United States v. Hopkins,** 916 F.2d 207, 212 (5th Cir. 1990)

**United States v. Pearce,** 912 F.2d 159, 161 (6th Cir. 1990), *cert. denied*, 498 U.S. 1093 (1991)

**United States v. Schultz,** 855 F.2d 1217, 1221 (6th Cir. 1988)

**United States v. McNeese,** 901 F.2d 585, 599 (7th Cir. 1990)

***United States v. Kibby,*** 848 F.2d 920, 922 (8th Cir. 1988)

***United States v. Powell,*** 853 F.2d 601, 604 (8th Cir. 1988)

***United States v. Boone,*** 951 F.2d 1526, 1543 (9th Cir. 1992) ... -

***United States v. Gonzalez,*** 940 F.2d 1413, 1417(11th Cir. 1991),

*cert. denied,* 112 S. Ct. 910 (1992)

17

Government Proposed Jury Instruction No. 7

A conspiracy to defraud the United States may be effected through the use of third parties.  The broad language of § 371 covering conspiracies to defraud "in any manner for any purpose," is not limited by the method used to defraud the United States. A method that makes use of third parties to reach and defraud the United States is within the scope of § 371.

<u>United States v Tanner</u>, 483 U.S. 107, 129 (1987). (modified)

Government Proposed Instruction No. 8

The defendants can be convicted of violating 18 U.S.C. §
371, Conspiracy to defraud the United States of excise due on
domestic sales of CFC-113, despite the fact that they did not
have a legal obligation to collect the excise tax in the first
instance.

United States v. Nersesian, 824 F.2d 1294, 1313 (2nd Cir. 1987)
(modified)

GOVERNMENT PROPOSED JURY INST. NO. 9

<u>Must be More Than One Conspirator</u>

The indictment charges a conspiracy among the defendants, Dov Shellef and William Rubenstein. A person cannot conspire with himself and therefore you cannot find either of the defendants guilty unless you find beyond reasonable doubt that he participated in a conspiracy as charged with at least one other person, whether a defendant or not, and whether named in the indictment or not. With this qualification you may find both of the defendants guilty or one of the defendants guilty and one not guilty or both not guilty, all in accordance with these instructions and the facts you find.


Devitt and Blackmar, **Federal Jury Practice and Instructions** (3d Ed. 1977), Section 27.12

**Morrison v. California,** 291 U.S. 82, 92 (1934)

**Rodgers v. United States,** 340 U.S. 367, 375 (1951)

**United States v. Giry,** 818 F.2d 120, 125 (1st Cir.), *cert. denied,* 484 U.S. *855* (1987)

**United States v. Barnes,** 604 F.2d 121, 161 (2d Cir. 1979), *cert. denied,* 446 U.S. 907 (1980)

**United States v. Allen,** 613 F.2d 1248, 1253 (3d Cir. 1980)

20

**United States v. Anderson,** 611 F.2d 504, 511 (4th Cir. 1979)

**United States v. Chase,** 372 F.2d 453, 459 (4th Cir.), *cert.*

*denied,* 387 U.S. 907 (1967)

**United States v. Lewis,** 902 F.2d 1176, 1181 (5th Cir. 1990)

**Sears v. United States,** 343 F.2d 139, 141-42 (5th Cir. *1965)*

**United States v. Rey,** 923 F.2d 1217, 1222 (6th Cir. 1991)

**United States v. Galvan,** 961 F.2d 738, 742 (8th Cir. 1992)

GOVERNMENT PROPOSED JURY INST. NO. 10

<u>Conspiracy -- Membership in an Agreement</u>

Before the jury may find that defendants Dov Shellef and William Rubenstein, or any other person, became a member of the conspiracy charged in Count of the indictment, the evidence in the case must show beyond a reasonable doubt that the defendants knew the purpose or goal of the agreement or understanding and deliberately entered into the agreement intending, in some way, to accomplish the goal or purpose by this common plan or joint action.

If the evidenced establishes beyond a reasonable doubt that the defendants Dov Shellef and William Rubenstein knowingly and deliberately entered into an agreement to defraud the United States, the fact that a defendant did not know all of the details of the agreement, or did not play a major role in accomplishing the unlawful goal is not important to your decision regarding membership in the conspiracy.

Merely associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the place where a crime takes place or is discussed, or even knowing about criminal conduct does not, of itself, make someone a member of the conspiracy or a conspirator.

Devitt, Blackmarr and O'Malley, ***Federal Jury Practice and Instructions*** (4th Ed. 1990), Section 28.05)


***United States v. Flaherty***, 668 F.2d 566, 580 (1st Cir. 1981)

***United States v. Southland***, 760 F.2d 1366, 1369 (2d Cir.), *cert. denied*, 474 U.S. 825 (1985)

***United States v. Rankin***, 860 F.2d 109, 113 (3d Cir.), *cert. denied*, 493 U.S. 840 (1989)

***United States v. Norris***, 749 F.2d 1116, 1121 (4th Cir. 1984), *cert. denied*, 471 U.S. 1065 (1985)

***United States v. Yanin***, 868 F.2d 130, 133 (5th Cir.), *cert. denied*, 492 U.S. 924 (1989)

***United States v. Christian,*** 786 F.2d 203, 211 (6th Cir. 1986)

***United States v. Warner,*** 690 F.2d 545, *550* (6th Cir. 1982)

***United States v. Brown,*** 934 F.2d 886, 889 (7th Cir. 1991)

***United States v. Zimmerman,*** 832 F.2d 454, 457 (8th Cir. 1987)

***United States v. Esparza,*** 876 F.2d 1390, 1392 (9th Cir. 1989)

***United States v. Medina,*** 940 F.2d 1247, 1250 (9th Cir. 1991)

***United States v. Horn,*** 946 F.2d 738, 740 (10th Cir. 1991)

***United States v. Lynch,*** 934 F.2d 1226, 1231 (11th Cir. 1991), *cert. denied,* 112 5. Ct. 885 (1992)

***United States v. Andrews,*** 953 F.2d 1312, 1318 (11th Cir.), *cert. denied,* 112 5. Ct. 3007 (1992)

GOVERNMENT PROPOSED JURY INST. NO. 11

<u>Conspiracy</u>

In order to establish the offense of conspiracy, the government must prove these elements beyond a reasonable doubt:

1.   that the alleged conspiracy existed, and

2.   that an overt act was committed in furtherance of the conspiracy, and

3.   that the defendant knowingly and intentionally became a member of the conspiracy.

A conspiracy is a combination of two or more persons to accomplish an unlawful purpose.  A conspiracy may be established even if its purpose was not accomplished.

In determining whether the alleged conspiracy existed, you may consider the actions and statements of all the alleged participants.  The agreement may be inferred from all the circumstances and the conduct of all the alleged participants.

A conspiracy is not proved unless the evidence establishes that at least one overt act was committed by at least one conspirator to further the purpose of the conspiracy.  It is not necessary that all the overt acts charged in the indictment be proved, and the overt act proved may itself be a lawful act.

In determining whether the defendant became a member of the conspiracy you may consider only the acts and statements of that

particular defendant.

To be a member of the conspiracy, the defendant need not join at the beginning or know all the other members or the means by which the purpose was to be accomplished.  The government must prove beyond a reasonable doubt, from the defendant's own acts and statements, that he was aware of the common purpose and was a willing participant.

*Federal Criminal Jury Instructions of the Seventh Circuit* (1980 Ed.), Section 5.11

*United States v. Brown,* 934 F.2d 886, 889 (7th Cir. 1991)

*United States v. MeNeese,* 901 F.2d 585, 599 (7th Cir. 1990)

*United States v. Mealy,* 851 F.2d 890, 896 (7th Cir. 1988)

*United States v Noble,* 754 F.2d 1324, 1327 (7th Cir.), *cert. denied,* 474 U.S. 818 (1985)

Government Proposed Jury Instruction No. 12

<u>Multiple Conspiracies</u>

You must determine whether the conspiracy charged in the indictment existed, and, if it did, whether the Dov Shellef and whether William Rubenstein was a member of it.  If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you find that some other conspiracy existed.  If you find that a defendant was not a member of the conspiracy charged in the indictment, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

***Pattern Jury Instructions, Criminal Cases,*** Fifth Circuit (1990 Ed.), Title 18 Offenses, Instruction No. 2.22, p. 92

Government Proposed Jury Instruction No. 13

It does not matter that the ends of the conspiracy were
unattainable.


*United States v. Giordano*, 693 F.2d 245, 249 (2d Cir. 1982)
(modified)

*United States v. Wallace*, 85 F. 3d 1063, 1068 (2nd Cir. 1996).
(modofied)

Government Proposed Jury Instruction No. 14

Wire Fraud

An essential element of the crime of wire fraud is a scheme to defraud.  To establish a scheme to defraud Allied, the government must prove Shellef possessed a fraudulent intent; that he contemplated doing actual harm.  The deceit practiced must be related to the intended harm, but the intended harm does not have to be monetary in nature.  It is enough if the intended harm relates to some essential element of the bargain.

*United States v. Schwartz* , 924 F.2d 410, 420-421 (2nd Cir. 1991) (modified)

*United States v. Kinney*, 211 F.3d 13, 18-91 (2nd Cir. 2000) (modified)

*United States v. Paccione*, 949 F.2d 1183, 1197 (2d Cir. 1991)(modified)

Government Proposed Instruction No. 15

Wire Fraud

Failure to comply with a contractual obligation is fraudulent when the promissor did not intend to honor the contract at the time he entered into the agreement.


*United States v. Paccione*, 949 F.2d 1183, 1196 (2d  Cir. 1991) (Modified)

*United States v. D'Amato*, 39 F. 3d 1249, 1261 fn. 8 (2d Cir. 1994) (Modified)

Government Proposed Instruction No. 16

Wire Fraud

A victim's negligence in permitting a crime to take place does not excuse the defendant from culpability for his substantive offense.


***United States v. Allen***, 201 F.3d 163, 167 (2nd Cir. 2000)

***United States v. Thomas***, 377 F.3d 232, 243-244 (2nd Cir. 2004).

GOVERNMENT PROPOSED JURY INST. NO. 17

Tax Evasion -- Offense Charged

Count Three charges that the defendant, Dov Shellef, who during the calendar year 1996 was married and resided in the Eastern District of New York, willfully attempted to evade and defeat a large part of the income tax due and owing by him and his wife to the United States of America for the calendar year 1996, by causing to be filed with the Director, Internal Revenue Service Center, in Holtsville, New York  false and fraudulent income tax return on behalf of himself and his wife, wherein it was stated that their joint taxable income for said calendar year was the sum of $53,996.00, and that the amount of tax due and owing thereon was the sum of $9,900.00; whereas, as the defendant then and there well knew, their joint taxable income for the said calendar year and the tax due and owing were substantially higher.

All in violation of Title 26, United States Code, Section 7201.

―――――――――――――――――

Devitt, Blackmar and O'Malley, **Federal Jury Practice and Instructions** (4th Ed. 1990), Section 56.01 (modified)

GOVERNMENT PROPOSED JURY INST. NO. 18

<u>Statute Defining Offense</u>

Section 7201 of the Internal Revenue Code provides, in

part, that:

> Any person who willfully attempts in any manner
>
> to evade
>
> or defeat any tax imposed by this title * * *
>
> shall * * * be guilty (of an offense against the
>
> laws of the United States)

_____

26 U.S.C. § 7201

Devitt, Blackmar and O'Malley, ***Federal Jury Practice and
Instructions*** (4th Ed. 1990), Section 56.02

GOVERNMENT PROPOSED JURY INST. NO. 19

<u>Tax Evasion (General Charge)</u>
(26 U.S.C. § 7201)


Section 7201 of the Internal Revenue Code (26 U.S.C. § 7201) makes it a Federal crime or offense for anyone to willfully attempt to evade or defeat the payment of federal income taxes.

The defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

**First:**   That the defendant owed substantial income tax in addition to that declared in his tax return; and

**Second:**   That the defendant knowingly and willfully attempted to evade or defeat such tax.

The proof need not show the precise amount of the additional tax due as alleged in the indictment, but it must be established beyond a reasonable doubt that the defendant knowingly and willfully attempted to evade or defeat some substantial portion of such additional tax as charged.

The word "attempt" contemplates that the defendant had knowledge and an understanding that, during the particular tax year involved, he had income which was taxable, and which he was required by law to report; but that he nevertheless attempted to evade or defeat the tax, or a substantial portion of the tax on that income, by willfully failing to report all of the income which he knew he had during that year.

Federal income taxes are levied upon income derived from compensation for personal services of every kind and in whatever form paid, whether as wages, commissions, or money earned for

performing services. The tax is also levied upon profits earned from any business, regardless of its nature, and from interest, dividends, rents and the like. The income tax also applies to any gain derived from the sale of a capital asset. In short, the term "gross income" means all income from whatever source unless it is specifically excluded by law.

On the other hand, the law does provide that funds acquired from certain sources are not subject to the income tax. The most common nontaxable sources are loans, gifts, inheritances, the proceeds of insurance policies, and funds derived from the sale of an asset to the extent those funds equal the cost of the asset.

*Third,* the defendant willfully attempted to evade and defeat the tax. The burden is always upon the prosecution to prove beyond a reasonable doubt every essential element of the crime charged; the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

———————————————————

26 U.S.C. § 7201

*Spies v. United States,* 317 U.S. 492 (1943)

*Lawn v. United States,* 355 U.S. 339, 361 (1958)

*Sansone v. United States,* 380 U.S. 343, 351 (1965)

*United States v. Pomponio,* 429 U.S. 10, 12 (1976)

*Cheek v. United States,* 498 U.S. 192, 195 (1991)

*Pattern Jury Instructions, Criminal Cases,* Eleventh Circuit

(1985 Ed.), Offense Instructions, Instruction No. 69.1, p. 229

(Modified)

GOVERNMENT PROPOSED JURY INST. NO. 20

<u>Tax Deficiency</u>

One element of attempted tax evasion is a substantial tax deficiency or, in other words, a substantial amount of Federal income tax due and owing by the defendant over and above the amount of tax reported in the defendant's return.  This requirement applies to Count Three of the Indictment, the charge related to personal income tax tax evasion.  This element does not apply to Counts two and Four which charge defendant Shellef with subscribing to false tax returns on behalf of his corporations, Polytuff USA, Inc. and Poly Systems, Inc.  I will instruct you as to the  law applicable to those counts separately.  Each alleged tax violation must be considered separately.

With respect to Count Three,  personal income tax evasion, the defendant is charged with failing to pay a substantial amount of tax due for the calendar 1996 as alleged in the indictment. The proof need not show, however, the precise amount or all of the additional tax due as alleged.  The government is only required to establish, beyond a reasonable doubt, that the defendant attempted to evade a substantial income tax.

––––––––––––––––––––––––––––

***Pattern Jury Instructions, Criminal Cases,*** Fifth Circuit

(1990 Ed.), Substantive Offense Instructions, Instruction No. 2.88, p. 201 (modified)

Devitt, Blackmar and O'Malley, ***Federal Jury Practice and Instructions*** (4th Ed. 1990), Sections 56.08 and 56.23 (modified)

***Pattern Jury Instructions, Criminal Cases,*** Eleventh Circuit (1985 Ed.), Offense Instructions, Instruction No. 69.1 (portion)

***United States v. Johnson,*** 319 U.S. *503,* 517-518 (1943)

GOVERNMENT PROPOSED JURY INST. NO. 21

<u>Each Tax Year is Separate</u>

Any willful failure to comply with the requirements of the Internal Revenue Code for one year is a separate matter from any such failure to comply for a different year.  The tax obligations of the defendant in any one year must be determined separately from the tax obligations in any other year.

_____

Devitt, Blackmar and O'Malley, ***Federal Jury Practice and Instructions*** (4th Ed. 1990),

Section 56.24.                                    . --   -

GOVERNMENT PROPOSED JURY INST. NO. 22

To "Attempt to Evade or Defeat" a Tax --Explained

The phrase "attempts in any manner to evade or defeat any tax" involves two things:
first, the formation of an intent to evade or defeat a tax; and second, willfully performing some act to accomplish the intent to evade or defeat that tax.

The phrase "attempts in any manner to evade or defeat any tax" contemplates and charges that the defendant Shellef knew and understood that during the calendar year 1996, he owed substantially more federal income tax than was declared on the defendant's federal income tax for that year and then tried in some way to avoid that tax.

In order to show an "attempts in any manner to evade or defeat any tax", therefore, the government must prove beyond a reasonable doubt that defendant Shellef intended to evade or defeat the tax due, and that the defendant Shellef also willfully did some affirmative act in order to accomplish this intent to evade or defeat that tax.

_____

Devitt, Blackmar and O'Malley, **Federal Jury Practice and Instructions** (4th Ed. 1990), Section 56.04

***Manual of Model Criminal Jury Instructions,*** Eighth Circuit (1992 Ed.), Section 6.26.720 1 (portion)

***Spies v. United States,*** 317 U.S. 492, 500 (1943)

***Sansone v. United States,*** 380 U.S. 343 (1965)

GOVERNMENT PROPOSED JURY INST. NO. 23

<u>Willfulness</u>

To find the defendant guilty of violating Section 7201, you must not only find that defendant Shellef  did the acts of which he  stands charged, but you must also find that the acts were done willfully by him.

The word "willfully," as used in this statute, means a voluntary, intentional violation of a known legal duty. In other words, the defendant must have acted voluntarily and intentionally and with the specific intent to do something he knew the law prohibited, that is to say, with intent either to disobey or to disregard the law.

In determining the issue of willfulness, you are entitled to consider anything done or omitted to be done by the defendant and all facts and circumstances in evidence that may aid in the determination of his  state of mind. It is obviously impossible to ascertain or prove directly the operations of the defendant's mind; but a careful and intelligent consideration of the facts and circumstances shown by the evidence in any case may enable one to infer what another's intentions were in doing or not doing things. With the knowledge of definite acts, we may draw definite logical conclusions.

We are, in our daily affairs, continuously called upon to decide from the acts of others what their intentions or purposes

are, and experience has taught us that frequently actions speak more clearly than spoken or written words. To this extent, you must rely in part on circumstantial evidence in determining the guilt or innocence of the defendant.

In this regard, there are certain matters that you may consider as pointing to willfulness if you find such matters to exist in this case. By way of illustration only, willfulness may be inferred from conduct such as false or misleading documents, concealment of assets or covering up sources of income, handling one's affairs to avoid making the records usual in transactions of the kind and any conduct the likely effect of which would be to mislead or to conceal.

I give you these instances simply to illustrate the type of conduct you may consider in determining the issue of willfulness. I do not by this instruction mean to imply that the defendant did engage in any such conduct. It is for you as the trier of the facts to make this determination as to whether the defendant did or did not.

_____

Devitt and Blackmar, ***Federal Jury Practice and Instructions*** (4th Ed. 1992), Section 17.07 (modified and supplemented)   . -. -


Devitt and Blackmar, ***Federal Jury Practice and Instructions*** (4th Ed. 1990), Section 56.20 (modified)

*Pattern Jury Instructions,* Fifth Circuit (1990 Ed.), Section 2.88 (Note)

*Federal Criminal Jury Instructions of the Seventh Circuit* (1980 Ed.), Section 6.03 (modified)

*Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit* (1992 Ed.), Section 7.02 (Comment)

*Manual of Model Jury Instructions for the Ninth Circuit* (1992 Ed.), Section 5.05 (Comment)

*Pattern Jury Instructions, Criminal Cases,* Eleventh Circuit (1985 Ed.), Basic Instructions, Instruction No. 9.1, p. 22 (modified)

*Cheek v. United States,* 498 U.S. 192, 201 (1991)

*United States v. Pomponio,* 429 U.S. 10, 12 (1976)

*United States v. Bishop,* 412 U.S. 346, 360 (1973)

*Spies v. United States,* 317 U.S. 492, 499 (1943)

*United States v. Ashfleld,* 735 F.2d 101, 105 (3d Cir,), *cert. denied sub nom., Storm v. United States,* 469 U.S. 858 (1984)

*United States v. Conforte,* 624 F.2d 869, 875 (9th Cir.), *cert. denied,* 449 U.S. 1012 (1980)

*United States v. Ramsdell,* 450 F.2d 130, 133-134 (10th Cir. 1971)

*United States v. Spinelli,* 443 F.2d 2, 3 (9th Cir. 1971)

GOVERNMENT PROPOSED JURY INST. NO. 24

<u>"Willfully" -- To Act or to Omit</u>

An act or failure to act is "willful" if it is a voluntary and intentional violation of a known legal duty. Accidental, inadvertent, mistaken, or negligent, even grossly negligent, conduct does not constitute willful conduct.

Devitt and Blackmar, **Federal Jury Practice and Instructions** (4th Ed. 1990), Section 56.20 (modified).

44

GOVERNMENT PROPOSED JURY INST. NO. 25

Tax Evasion

(26 U.S.C. § 7201)

Title 26, United States Code, Section 7201, makes it a crime for anyone to willfully attempt to evade or defeat the payment of federal income tax. "Willfully" means with intent to violate a known legal duty.

The proof need not show the precise amount or all of the additional tax due as alleged in the indictment, but it must be established beyond a reasonable doubt that the accused knowingly attempted to evade or defeat some substantial portion of such additional tax.

_____

***Pattern*** *Jury* ***Instructions, Criminal Cases,*** Fifth Circuit (1990 Ed.), Substantive Offense Instructions, § 2.88, p. 201

GOVERNMENT PROPOSED JURY INST. NO. 26

Offenses Charged

Subscribing to False Tax Returns

Count Two charges that on or about the May 19, 1997, in the Eastern District of New York, the defendant, Dov Shellef, a resident of New York State,  did willfully make and subscribe to a U.S. Form 1120 Corporate Income Tax Return for Polytuff USA, Inc. for the fiscal year ending February 1997, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Director, Internal Revenue Service Center, at Holtsville, New York, which said U.S. Form 1120 Corporate Income Tax Return for Polytuff USA, Inc., that defendant Shellef did not believe to be true and correct as to every material matter in that the said U.S. Form 1120 Corporate Income Tax Return for Polytuff USA, Inc. falsely reported gross receipts of $633,639.00  whereas, he then and there well knew and believed, that he omitted substantial receipts from sales of CFC-113 to the Government of Israel.

Count Four charges that on or about the September 19, 2000, in the Eastern District of New York, the defendant, Dov Shellef, a resident of New York State,  did willfully make and subscribe to a U.S. Form 1120 Corporate Income Tax Return for Poly Systems, Inc. for the calendar year ending December 1999,

which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Director, Internal Revenue Service Center, at Holtsville, New York, which said U.S. Form 1120 Corporate Income Tax Return for Poly Systems, Inc., that defendant Shellef did not believe to be true and correct as to every material matter in that the said U.S. Form 1120 Corporate Income Tax Return for Poly Systems, Inc. falsely reported gross receipts of $986,224.01  whereas, he then and there well knew and believed, that he omitted substantial receipts from domestic sales of CFC-113.

       All in violation of Title 26, United States Code, Section 7206(1).

26 U.S.C. § 7206(1)

Devitt, Blackmar and O'Malley, **_Federal Jury Practice and Instructions_** (4th Ed. 1990), Section 56.13

47

GOVERNMENT PROPOSED JURY INST. NO. 27

<u>False Return – Statute Involved</u>


Section 7206(1) of the Internal Revenue Code
provides, in part, as follows:


Any person who -- * * * [w]illfully makes and subscribes any
return, statement, or other document, which contains or is
verified by a written declaration that it is made under the
penalties of perjury, and which he does not believe to be
true and correct as to every material matter * * * shall be
guilty of an offense against the laws of the United States.



26 U.S.C. § 7206(1)

Devitt, Blackmar and O'Malley, Federal Jury Practice and
Instructions (4th Ed. 1990), Section 56.14

GOVERNMENT PROPOSED JURY INST. NO. 28

<u>False Return -- Essential Elements</u>

(False Income Tax Return)

To convict a defendant, the government must prove each of the following three elements beyond a reasonable doubt:

1.   the willful making and subscribing of a return filed with the Internal Revenue Service that was incorrect as to a material matter;

2.   that the return contained a written declaration that it was made under the penalty of perjury; and

3.   that the defendant did not believe the return to be true and correct as to the material matter charged in the indictment

The jury is further instructed that each of the subscribing counts, Counts Two and Three,  allege that the corporations owned and operated by defendant Shellef received substantial receipts in addition to the total gross receipts reported on the returns. It is not necessary for the government to prove the exact amount of the gross receipts. It is sufficient if the government proves beyond a reasonable doubt that the corporations had gross receipts substantially in excess of the total gross receipts he reported on the Polytuff USA, Inc. return for the fiscal year ending February 1997 and the Poly Systems return for

the calender year 1999.

The false statement alleged in both of the subscribing counts is that the total gross receipts reported on the returns involved did not contain substantial other gross receipts purportedly received defendant Shellef's corporations. The court instructs you that a statement of total gross receipts on a tax return is material as a matter of law.  The court also instructs you that difference between the amount of gross receipts actually received as proved beyond a reasonable doubt and the amount of gross receipts reported -  whether this difference is material - is a question of fact for you the jury to determine. However, in a prosecution for subscribing to false tax returns,  false statements about gross receipts do not have to involve substantial amounts.

 Neder v. United States, 527 U.S. 1, 16, 119 S.Ct. 1827, 1837 (June 1999).  (Modified)

United States v. Helmsey, 941 F.2d 71, 92 (2d Cir 1991).(Modified)

_____

*Manual of Model Criminal Jury Instructions for the Ninth Circuit,* Instruction No. 9.07D (1989)(Modified)

GOVERNMENT PROPOSED JURY INST. NO. 29

<u>False Return -- Essential Elements</u>

(False Income Tax Return)

Actual tax loss is not an element of the offence under 26 U.S.C. § 7206(1).   Section 7206(1) penalizes the filing of a false tax return even though the falsity would not produce any tax consequences.

<u>United States v. LaSpina</u>, 299 F.3d 165, 179 (2d Cir 2002)

<u>United States v. Tsanas</u>, 572 F.2d 340, 341 (2d Cir. 1978)

<u>United States v. Citron</u>, 783 F.2d 307, 313 (2d Cir. 1986)

<u>United States v. Greenberg</u>, 735 F.2d 29, 31-32 (2d Cir. 1984).

GOVERNMENT PROPOSED JURY INST. NO. 30

<u>When the Offense May Be Complete</u>

If you find beyond a reasonable doubt from the evidence in the case that defendant Shellef subscribed to a false corporate income tax return for Polytuff USA, Inc. for the tax year ending February 1997, and/or filed a fraudulent personal income tax return for 1996, and/or subscribed to a false corporate income tax return for Poly Systems, Inc. for the 1999 calender tax year, and that these acts were done willfully as charged in Counts Two, Three and Four of the indictment, then you may find that the offense charged was complete when the returns were filed.

Devitt, Blackmar and O'Malley, ***Federal Jury Practice and Instructions*** (4th Ed. 1990), Section 56.23

52

GOVERNMENT PROPOSED JURY INST. NO. 31____

<u>Tax Evasion</u>
(26 U.S.C. § 7201, 7206(1))

The fact that Mr. Shellef has not been charged with tax violations in other years can not be considered as evidence of a lack of criminal intent to commit the crimes charged in the indictment.


***United States v. Scarpa***, 897 F.2d 63 (2nd Cir. 1990) (Modified)

***United States v. O'Connor***, 580 F.2d 38, 43 (2nd Cir. 1978) (Modified)

***United States v. Camejo***, 929 F.2d 610, 612-13(11th Cir. 1991) (Modified)

GOVERNMENT PROPOSED JURY INST. NO. 32

<u>Money Laundering</u>

The defendant Shellef has been charged with three kinds of money laundering activity, briefly, 1) engaging in financial transactions with the intent to promote wire fraud; 2) engaging in financial transactions with the intent to engage in conduct constituting a violation of 26 U.S.C. section 7206(1), subscribing to a false tax return; and 3) engaging in financial transactions knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of wire fraud.

<u>Provisions of Statute</u>

Counts Fifty-Six to Ninety-One of the indictment charges the defendant with a violation of Title 18, U.S.C. § 1956(a)(1)(A)(i)(ii)and 1956(a)(B)(2). This statute provides in pertinent part:

(a)(l) Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity—

        (A)(i) with the intent to promote the

        carrying on of specified      unlawful

        activity

        (A)(ii) with the intent to engage in conduct

constituting a violation of § 7206 of the Internal

Revenue Code of 1986 is guilty of an offense

against the United States.


(B) Whoever transports, transmits, transfers, or attempts to

transport, transmit, or transfer ... funds from a place in

the United States to or through a place outside of the

United States ... -


    (B) knowing that the ...funds ... involved in the

transportation, transmission, or transfer represent the

proceeds of some form of unlawful activity and knowing that

such transportation, transmission or transfer is designed in

whole or in part -

        (i) to conceal or disguise the nature, the

        location, the nature, the source, the ownership,

        or the control of the proceeds of specified

        unlawful activity. ...

18 U.S.C. § 1956(a)(1)(A)(ii) and (B)

GOVERNMENT PROPOSED JURY INST. NO. 33
<u>Money Laundering - Elements of the Offense</u>

In order to convict Dov Shellef of money laundering as alleged in Counts Fifty-One to Fifty-Five, inclusive, and Fifty-Six to Ninety-Nine, inclusive, of this indictment , the government must prove the following four elements:

*First,* the defendant must knowingly conduct or attempt to conduct a financial transaction;

*Second,* the defendant must know that the property involved in the financial transaction represents the proceeds of some form of unlawful activity;

*Third,* the property involved in the financial transaction must, in fact, involve the proceeds of specified unlawful activity in this case wire fraud; and

*Fourth,* the defendant must engage in the financial transactions, involving interstate commerce:

1) with the intent to promote the wire fraud, in this case wire transfers of funds to purchase additional CFC-113 to sell in the domestic U.S. market as alleged in Counts Fifty-One to Fifty-Five inclusive;

2) with the intent to engage in conduct constituting a violation of Section 7206 of the Internal Revenue Code of 1986. In this case, with the intent to subscribe to a false tax return on behalf of Poly Systems, Inc.  for the 1999 tax year as alleged

in counts Fifty-Six to Ninety-One inclusive; and

3) and for transactions transferring money from inside the United States to a location outside of the United States, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of wire fraud as alleged in counts Sixty-Nine, Seventy-Four, Eighty-One, Eighty-Eight, Eighty-Nine, Ninety and Ninety-One.

The government charged defendant Shellef with engaging in financial transactions knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of wire fraud only with respect to the transfers from within the United States to places located outside of the United States, in other words the transfers to foreign bank accounts, as alleged in counts Sixty-Nine, Seventy-Four, Eighty-One, Eighty-Eight, Eighty-Nine, Ninety, and Ninety-One.

The government has alleged that defendant Shellef engaged in or attempted to engage financial transactions with the intent to subscribe to a false tax return for all of the individual transactions as alleged in Counts Fifty-Six through Ninety-One, including the transfers to foreign bank accounts .

I further instruct you that wire fraud is a specified unlawful activity.  18 U.S.C. § 1956(a)(1)(A)(ii)

GOVERNMENT PROPOSED JURY INST. NO. 34

Subscribed -- Defined

<u>Proof of Signing of Return</u>

The word "subscribe" simply means the signing of one's name to a document. "The fact that an individual's name is signed to a return * * * shall be prima facie evidence for all purposes that the return * * * was actually signed by him," which is to say that, unless and until outweighed by evidence in the case which leads you to a different or contrary conclusion, you may find that a filed tax return was in fact signed by the person whose name appears to be signed to it.

_____

26 U.S.C. § 6064

Devitt, Blackmar and O'Malley, *Federal Jury Practice and Instructions* (4th. Ed. 1990), Section 56.22


*Cashio v. United States,* 420 F.2d 1132, 1135 *(5th* Cir. 1969), *cert. denied,* 397 U.S. 1007 (1970)


*United States v. Wainwright,* 413 F.2d 796, 802 n.3 (10th Cir. 1969), *cert. denied,* 396 U.S. 1009 (1970)


*United States v. Carrodeguas,* 747 F.2d 1390, 1396 (11th Cir. 1982), *cert. denied,* 474 U.S. 816 (1985)

59

GOVERNMENT PROPOSED JURY INST. NO. 35

Subscribed-Defined


The fact that an individual's name is signed to a return

means that, unless and until outweighed by evidence in the case

which leads you to a different or contrary conclusion, you may

find that a filed tax return was in fact signed by the person

whose name appears to be signed to it. If you find proof beyond a

reasonable doubt that the defendant had signed his  tax return,

that is evidence from which you may, but are not required to,

find or infer that the defendant had knowledge of the contents of

the return.

_____


*Manual of Model Criminal Jury Instructions for the District*
*Courts of the Eighth Circuit,*
Instruction No. 6.26.7201 and 6.26.7206 (1989)

GOVERNMENT PROPOSED JURY INST. NO. 36

Proof of Tax Deficiency Not Required

You are instructed that in proving that the defendant

violated Section 7206(1), the government does not have to prove

that there was a tax due and owing for the year(s) in issue.

Whether the government has or has not suffered a pecuniary or

monetary loss as a result of the alleged return is not an element

of Section 7206(1).

_____

Devitt, Blackmar and O'Malley, **Federal Jury Practice and
Instructions,** (4th Ed. 1990), Section *56.19*

**Silverstein v. United States,** 377 F.2d 269, 270 (1st Cir. 1967)

**United States v. Olgin,** 745 F.2d 263, 272 (3d Cir. 1984), *cert.
denied,* 471 U.S. 1099 (1985)

**United States v. Johnson,** 558 F.2d 744, 747 *(5th* Cir. 1977)

***United States v. Ballard,*** 535 F.2d 400, 404 (8th Cir.) *cert. denied,* 429 U.S. 918 (1976)

***United States v. Marashi,*** 913 F.2d 724 (9th Cir. 1990)

***United States v. Marabelles,*** 724 F.2d 1374, 1380 (9th Cir. 1984)

***United States v. Carter,*** 721 F.2d 1514, 1539 (11th Cir.), *cert. denied,* 469 U.S. 819 (1984)

*See* ***Sansone v. United States,*** 380 U.S. 343, 352 (1965) -- re Sec. 7207 but materiality language of Secs. 7207 and 7206(1) is identical.

GOVERNMENT PROPOSED JURY INST. NO. 37

Willfulness -- Section 7206(1)

To find the defendant guilty of violating Section 7206(1), you must not only find that he did the acts of which he stands charged, but you must also find that the acts were done willfully by the defendant.

The word "willfully," as used in this statute, means a voluntary, intentional violation of a known legal duty. In other words, the defendant must have acted voluntarily and intentionally and with the specific intent to do something he knew the law prohibited, that is to say, with intent either to disobey or to disregard the law.

In determining the issue of willfulness, you are entitled to consider anything done or omitted to be done by the defendant and all facts and circumstances in evidence that may aid in the determination of his state of mind. It is obviously impossible to ascertain or prove directly the operations of the defendant's mind; but a careful and intelligent consideration of the facts and circumstances shown by the evidence in any case may enable one to infer what another's intentions were in doing or not doing things. With the knowledge of definite acts, we may draw definite logical conclusions.

We are, in our daily affairs, continuously called upon to decide from the acts of others what their intentions or purposes are, and experience has taught us that frequently actions speak more clearly than spoken or written words.  To this extent, you must rely in part on circumstantial evidence in determining the guilt or innocence of the defendant.

In this regard, there are certain matters that you may consider as pointing to willfulness, if you find such matters to exist in this case.  By way of illustration only, willfulness may be inferred from conduct such as making false documents, concealment of assets or covering up sources of income, handling one's affairs to avoid making the records usual in transactions of the kind and any conduct the likely effect of which would be to mislead or to conceal.

I give you these instances simply to illustrate the type of conduct you may consider in determining the issue of willfulness. I do not by this instruction mean to imply that the defendant did engage in any such conduct. It is for you as the trier of the facts to make this determination as to whether the defendant did or did not.

_____

Devitt and Blackmar, *Federal Jury Practice and Instructions* (4th Ed. 1992), Section 17.07 (modified and supplemented)

Devitt and Blackmar, *Federal Jury Practice and Instructions* (4th Ed. 1990), Section 56.20 (modified)

*Pattern Jury Instructions,* Fifth Circuit (1990 Ed.), Section 2.88 (Note)

*Federal Criminal Jury Instructions of the Seventh Circuit* (1980 Ed.), Section 6.03 (modified)

*Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit* (1992 Ed.), Section 7.02 (Comment)

*Manual of Model Jury Instructions for the Ninth Circuit* (1992 Ed.), Section *5.05* (Comment)

*Pattern Jury Instructions, Criminal Cases,* Eleventh Circuit *(1985* Ed.), Basic Instructions, Instruction No. 9.1, p. 22 (modified)

*Cheek v. United States,* 498 U.S. 192, 201 (1991)

*United States v. Pomponio,* 429 U.S. 10, 12 (1976)

*United States v. Bishop,* 412 U.S. 346, 360 (1973)

*Spies v. United States,* 317 U.S. 492, 499 (1943)

*United States v. Ashfield,* 735 F.2d 101, 105 (3d Cir.), *cert. denied sub nom., Storm v. United States,* 469 U.S. 858 (1984)

GOVERNMENT PROPOSED JURY INST. NO. 38

Documents Within Section 7206(1)

(Corporate Income Tax Returns)

I instruct you that the United States Individual Income Tax Returns, Forms 1120, involved in this case are returns or other documents as contemplated by Section 7206(1) of the Internal Revenue Code of 1986.

26 U.S.C. § 7206(1)

GOVERNMENT PROPOSED JURY INST. NO. 39

Willfully -- Good Faith Defense

The word "willfully," as that term has been used from time to time in these instructions, means a voluntary, intentional violation of a known legal duty.  Mere negligence, even gross negligence, accident, or inadvertence is not sufficient to establish willfulness.

GOVERNMENT PROPOSED JURY INST. NO. 40

<u>Specific Items Method of Proof</u>

(Unreported Income)

To establish the first element of the offense charged, namely, the receipt by the defendant of unreported income upon which a substantial amount of tax was due and owing, the government has presented evidence under the "specific item" method of proof. The "specific item" method simply consists of offering evidence of particular or specific amounts of taxable income received by the defendant during a particular tax period, with evidence that the defendant did not include such amounts in his tax return for such period, together with evidence concerning the defendant's knowledge of the omission and his intent and willfulness in attempting to evade payment of tax by the omission.

_____

***United States v. Beck,*** 59-2 U.S.T.C., para. 9486, p. 73, 115 (W.D. Wash. Feb. 19, 1959), *aff'd in part and rev 'd in part on other grounds,* 298 F.2d 622 (9th Cir.), *cert. denied,* 370 U.S. 919 (1962)

68

GOVERNMENT PROPOSED JURY INST. NO. 41

<u>Specific Items Method</u>

To prove that substantial additional tax was due, the government must prove beyond a reasonable doubt that (a) the defendant received substantial income in addition to what he reported on his income tax return, and (b) there was tax due in addition to what was shown to be due on the return.

In order to prove that the defendant received substantial additional income omitted from his tax return, the government in this case has introduced evidence of the transfer of funds from a bank account that was not disclosed to the accountants that prepared his 1996 individual tax return.

If you find, based on all the evidence, that the government has established beyond a reasonable doubt that the defendant received substantial income in addition to what he reported on his income tax return for the year in question, then you must decide whether there was tax due in addition to what was shown to be due on the return, as a result of the defendant's additional, unreported income. In reaching your decision on this issue, you should consider, along with all the other evidence, the expert testimony introduced during the trial concerning the computation of the defendant's additional tax liability, when the alleged additional income was taken into account.

If you find, based on all the evidence, that the government has established beyond a reasonable doubt that the defendant received substantial additional income, and that there was tax due in addition to what was shown to be due on his income tax return, as a result of this additional income, then this first element has been satisfied.

2 L. Sand, *et al., **Modern Federal Jury Instructions,*** (1993 Ed.), Instruction 59-5

GOVERNMENT PROPOSED JURY INST. NO. 42

Accrual Method of Accounting

Taxable income is computed by using the same method of accounting that the taxpayer used to compute his income, as long as such accounting method clearly reflects income. In this case, the defendant reported taxable income and deductible expenses on the accrual method of accounting.

Under the accrual method of accounting, income is to be included in the taxable year when all events have occurred which fix the right to receive such income and the amount of the income can be determined with reasonable accuracy. Similarly, deductions are allowable for the taxable year in which all the events have occurred which establish the fact of liability giving rise to such deduction and the amount of the deduction can be determined with reasonable accuracy.

When income is actually received or an expense is actually paid is irrelevant in the accrual method of accounting.

_____

26 U.S.C. §§ 446, 461(a)


Treasury Regulations on Income Tax (1986 Code), Sec. 1.461-l(a)(2) (26 C.F.R.)

GOVERNMENT PROPOSED JURY INST. NO. 43

<u>Computation of Tax Deficiency</u>

The first step in arriving at an individual's taxable income is
to determine the gross income of that individual. Gross income
generally means all income from whatever source derived. Gross
income includes, but is not limited to, compensation for
services, such as wages, salaries, fees, or commissions, income
derived from a trade or business, gains from dealings in
property, interest, royalties, and dividends. Gross income
includes both lawful and unlawful earnings.

After having determined an individual's gross income, the next
step in arriving at the income upon which the tax is imposed is
to subtract from the gross income such deductions and losses as
the law provides. In this connection, an individual is permitted
to deduct from gross income all of the ordinary and necessary
expenses paid or incurred during the taxable year in carrying on
any trade or business or other profit-seeking endeavors, to the
extent those expenses are not reimbursed by the business.

The amount remaining after subtracting the allowable deductions
and losses from gross income is termed "adjusted gross income."
In arriving at income upon which the tax is imposed, the
individual is permitted to deduct from adjusted gross income

either the zero bracket amount allowed by law, or, in the
alternative, amounts paid during the year for itemized
deductions, which are limited by law, such as, medical expenses,
state income and property taxes, interest, charitable
contributions, and other miscellaneous items. An individual is
then allowed a deduction for each qualified exemption. The
resulting figure is termed "taxable income", that is to say, the
sum on which the income tax is normally imposed.

_____

26 U.S.C. §§ 61 through 223 (Corporations, 26 U.S.C. §§ 61
through 281)

73

GOVERNMENT PROPOSED JURY INST. NO. 44

Corporate Diversions

Gains or profits and income derived from any source whatever are included in gross income for the purpose of taxation of income. This includes both lawful and unlawful gains. You have heard evidence that the defendant was the owner of Poly Systems, Inc. and transferred funds from Poly Systems to his personal bank accounts.  If you find that defendant Shellef owned and operated Poly Systems, Inc. and obtained money or other property from the corporation, then you should proceed to determine whether this was income to the defendant.

In this connection, the question for you to determine is whether the defendant had complete control over the cash or other property he obtained from the corporation, took it as his  own, and treated it as his  own, so that as a practical matter he derived economic value from the money or property received. If you find this to be the case, then the money or property received by the defendant would be income; if you do not find this to be the case, then the money or property obtained by the defendant would not be income to the defendant.

_____

*United States v. Ruffin,* 575 F.2d 346, 351 n.6 (2d Cir. 1978)

*United States v. Miller,* *545* F.2d 1204, 1214 n.12, 1215 (9th Cir.

1976), *cert. denied,* 420 U.S. 930 (1977)

**United States v. Leonard,** 524 F.2d 1076, 1082-1084 (2d Cir. *1975)*

**DiZenzo v. Commissioner Of Internal Revenue,** 348 F.2d 122, 125-127 (2d Cir. 1965)


**United States v. Goldberg,** 330 F.2d 30, 38 (3d Cir.), *cert. denied,* 377 U.S. 953 (1964)

**Hartman v. United States***, 245 F.2d 349, 352-353 (8th Cir. 1957)

**Davis v. United States,** 226 F.2d 331, 334-335 (6th Cir. 1955), *cert. denied,* 350 U.S. 965 (1956)

*Cf* **United States v. Cruz,** 698 F.2d 1148 (11th Cir. 1983)

GOVERNMENT PROPOSED JURY INST. NO. 45

<u>Loan -- Explained</u>

A loan which the parties to the loan agree is to be repaid does not constitute gross income as that term is defined by the Internal Revenue Code. However, merely calling a transaction a loan is not sufficient to make it such. When money is acquired and there is no good faith intent on the part of the borrower to repay the funds advanced, such funds are income under the income tax laws and are taxable as such.

---

*United States v. Swallow,* 511 F.2d 514, 522 n.7 (10th Cir.), *cert. denied,* 423 U.S. 845 (1975)

*See also United States v. Rosenthal,* 454 F.2d 1252 (2d Cir. 1972), *cert. denied,* 406 U.S. 931 (1972)

*United States v. Rosenthal,* 470 F.2d 837, 841-842 (2d Cir. 1972), *cert. denied,* 412 U.S. 909 (1973)

*United States v. Rochelle,* 384 F.2d 748, 751 (5th Cir. 1967), *cert. denied,* 390 U.S. 946 (1968)

GOVERNMENT PROPOSED JURY INST. NO. 46

Proof of Knowledge of Contents of Returns

Now, whenever the facts appear beyond a reasonable doubt from the evidence in the case that the accused had signed his tax return, a jury may draw the inference and find that the accused had knowledge of the contents of the return.

_____

Devitt, Blackmar and O'Malley, *Federal Jury Practice and Instructions* (4th Ed. 1990), §

56.22

*United States v. Wainwright,* 448 F.2d, 984, 986 (10th Cit. 1971),

*cert. denied,* 407 U.S. 911 (1972)

GOVERNMENT PROPOSED JURY INST. NO. 47

<u>Exculpatory Statements - Later Proved False</u>

Now, during the course of the trial of this matter you heard
witnesses testify about statements made by the defendants Shellef
and Rubenstein after he been confronted with some suggestion that
they might have been guilty of the commission of a crime and I am
expressing no opinion now about the evidence in the case, about
what the facts are, but once in awhile I have to refer to some of
the evidence which has been heard so that you understand the
principle of law that I am referring to.  I charge you that the
conduct of a defendant, including statements made and acts done
upon being informed that a crime has been committed, or upon
being confronted with a criminal charge, may be considered by the
Jury in the light of other evidence in the case in determining
the guilt or innocence of the accused. When a defendant
voluntarily offers an explanation or makes some statement tending
to establish his innocence, and such explanation or statement is
later shown to be false in whole or in part, the Jury may
consider whether this circumstantial evidence points to a
consciousness of guilt. It is reasonable to infer that an
innocent person does not ordinarily find it necessary to invent
or fabricate a voluntary explanation or statement tending to
establish his innocence. Whether or not evidence as to a
defendant's voluntary explanation or statement points to a

78

consciousness of guilt and the significance, if any to be
attached to any such evidence, are matters for determination by
the Jury.  I am not suggesting to you that either of the
defendants made any contradictory statements. I am not suggesting
that at all.  I express no opinion about it, but I give you that
principle of law in charge because, if you conclude that such
contradictory statements were made either in whole or in part
then that is the principle of law for your consideration but, as
I say, I express no opinion about the matter whatsoever (Emphasis
in original).

GOVERNMENT PROPOSED JURY INST. NO. 49

Similar Acts

During this trial, you have heard evidence of acts of the
defendants which may be similar to those charged in the
indictment, but which were committed on other occasions. You must
not consider any of this evidence in deciding if the defendant
committed the acts charged in the indictment. However, you may
consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in
this case that the defendant did commit the acts charged in the
indictment, then you may consider evidence of the similar acts
allegedly committed on other occasions to determine:

whether the defendant had the state of mind or intent
necessary to commit the crime charged in the indictment;

or

whether the defendant had a motive or the opportunity to
commit the acts charged in the indictment;

or

whether the defendant acted according to a plan or in
preparation for commission of a crime;

or

whether the defendant committed the acts for which he is on
trial by accident or mistake.

These are the limited purpose for which any evidence of

other similar acts may be considered.

_____

*Pattern Jury Instructions of the District Judges Association of the Fjfth Circuit,* Criminal

Cases, Instruction No. 1.30 (1990)